# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AARON ROMERO,

    Plaintiff,

v.                                  CV 14-640 MV/WPL

UNITED STATES OF AMERICA,
JOHN R. CASTLEBERRY, Special Agent –
Drug Enforcement Administration, in his individual capacity,
PATRICIA G. WHELAN a.k.a. PATRICIA YAZZIE a.k.a. TRISH YAZZIE,
Special Agent – Drug Enforcement Administration, in her individual capacity,
MATTHEW B. MAYFIELD, Group Supervisor (GS) –
Drug Enforcement Administration, in his individual capacity,
RAYMOND "KEITH" BROWN, Assistant Special Agent in Charge (ASAC) –
Drug Enforcement Administration, in his individual capacity, and
JOSEPH M. ARABIT, Special Agent in Charge (SAC) –
Drug Enforcement Administration, in his individual capacity,

    Defendants.

## ORDER DENYING MOTION FOR PRESERVATION ORDER

This matter is before me on Romero's Motion for Preservation Order. (Doc. 37.) The Defendants filed a total of three responses. (Docs. 38-40.) Romero filed a reply. (Doc. 41.) Romero requests an order to preserve evidence, directing all Defendants to preserve, unaltered, specified documents and items. In support of this motion, Romero argues that all Defendants have a history of "alter[ing] reports," and that such an order is required to maintain the integrity of the evidence. (Doc. 37 at 2-3.) Defendants each assert that they are aware of and complying with their preservation obligations under Federal Rule of Civil Procedure 11 and the Federal Rules of Evidence. (Docs. 38 at 1; 39 at 1; 40 at 1.) I am not persuaded that a preservation order

is appropriate or necessary in light of the parties' existing legal obligations to preserve relevant evidence, and therefore deny the motion.

The Federal Rules of Civil Procedure contemplate that the parties will take steps to preserve evidence that they know or reasonably should know is relevant to pending or imminent litigation. *See* FED. R. CIV. P. 11; FED. R. CIV. P. 26; FED. R. CIV. P. 34; *Danis v. USN Communications, Inc.*, 53 Fed. R. Serv. 3d 828, at *1 (N.D. Ill. 2000). "Thus, a specific order from the court directing one or both parties to preserve evidence is not ordinarily required." *United States ex rel. Smith v. Boeing Co.*, No. Civ. A. 05-1073-WEB, 2005 WL 2105972, at *2 (D. Kan. Aug. 31, 2005). However, courts have the inherent authority to make such orders when necessary. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135 (Fed. Cl. 2004). In such cases, courts are guided by equity principles, including 1) how concerned the court is that evidence will not be maintained without such an order, 2) any irreparable harm likely to result absent a specific preservation order, and 3) the capability of the party to maintain the evidence that would be subject to the preservation order. *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004). "The reviewing court, as well as the parties, should be focused upon maintaining the integrity of the evidence in a form as close to, if not identical to, the original condition of the evidence." *Id.* at 435.

Romero argues that that the Defendants have a history of altering reports during the course of the underlying criminal investigation and that Drug Enforcement Agency ("DEA") policy covers the destruction of evidence after a prosecution. I am convinced that the Individual Defendants and the United States are well aware of their preservation obligations and see no evidence that they have not complied with these obligations to date or will not continue to do so in the future.

Romero argues that the Defendants have a "propensity to destroy/alter evidence," based on the alleged alteration of DEA reports during the underlying investigation. (Doc. 41 at 5-6.) Many of the documents underlying this civil complaint were turned over to Romero during the underlying criminal proceedings. (*See* Doc. 39 at 6.) Romero has failed to adduce "proof of destruction or degradation of the evidence" that would suggest a preservation order is appropriate. *Capricorn Power*, 220 F.R.D. at 437. Mere possibility of loss or destruction of evidence is insufficient to support such an order, and Romero does not point to "a specific, significant, imminent threat of loss" that would justify a preservation order. *Id.* at 435.

Romero is probably correct that the burden on the Defendants of a preservation order would be minimal. In *Capricorn Power*, the Western District of Pennsylvania noted that a preservation order may be of the essence for electronically stored evidence, such as in this case, "especially if the person possessing the computer is without knowledge that the information contained on the computer . . . is evidence which needs to be preserved." *Id.* at 436. While the burden may be low, the Defendants are clearly aware in possession of the evidence and aware that they are required to preserve the evidence during the pendency of this litigation.

On balance, I am not persuaded that a separate preservation order, above and beyond the strictures of the Federal Rules of Civil Procedure, is appropriate or necessary in this case. The parties are reminded of their obligations under the Federal Rules of Civil Procedure, and reminded that failure to comply with those obligations could result in sanctions.

IT IS SO ORDERED.

_____
William P. Lynch

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

                                                    United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.