## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

AARON ROMERO,

      Plaintiff,

v.                                      CV 14-640 MV/WPL

UNITED STATES OF AMERICA,
JOHN R. CASTLEBERRY, Special Agent –
Drug Enforcement Administration, in his individual capacity,
PATRICIA G. WHELAN a.k.a. PATRICIA YAZZIE a.k.a. TRISH YAZZIE,
Special Agent – Drug Enforcement Administration, in her individual capacity,
MATTHEW B. MAYFIELD, Group Supervisor (GS) –
Drug Enforcement Administration, in his individual capacity,
RAYMOND "KEITH" BROWN, Assistant Special Agent in Charge (ASAC) –
Drug Enforcement Administration, in his individual capacity, and
JOSEPH M. ARABIT, Special Agent in Charge (SAC) –
Drug Enforcement Administration, in his individual capacity,

      Defendants.

## ORDER STAYING DISCOVERY

Aaron Romero brought claims for personal injury under the Federal Torts Claims Act and claims for constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the United States and several Drug Enforcement Administration ("DEA") agents. (Doc. 23.) The claims all arise out of a DEA operation called "Operation Smack City" that was conducted in Las Vegas, New Mexico, between approximately November 2011 and August 2012. (*Id.*) Defendants Castleberry and Whelan ("the Defendants") have filed a motion to dismiss on the basis of qualified immunity (Doc. 47) and request that I stay discovery pending a ruling on their motion (Doc. 53). Romero responded and argues that he needs discovery to address the motion to dismiss filed by

Defendants Arabit and Brown, not the Defendants at issue here. (Doc. 68.) The Defendants filed a reply. (Doc. 78.)

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

Whether an officer is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutional rights of which a reasonable officer would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, --- U.S. ---, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the officer's conduct. *Harlow*, 457 U.S. at 818.

"The purpose[s] of discovery . . . are (1) to narrow the issues; (2) to obtain evidence for use at trial; and (3) to secure information as to the existence of evidence that may be used at trial." *Wood v. Todd Shipyards*, 45 F.R.D. 363, 364 (S.D. Tex. 1968) (citing *Berry v. Haynes*, 41 F.R.D. 243 (S.D. Fla. 1966)). On a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true," but is not required to accept proposed legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The resolution of the Defendants' motion to dismiss on the basis of qualified immunity turns solely on a question of law. Romero has failed to explain why discovery is needed to address the Defendants' motion. Because qualified immunity protects officers from far-ranging discovery, I grant the Defendants' motion to stay all discovery pending the resolution of their motion to dismiss.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.